Filed 3/8/13  P. v. Hernandez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MOISES ANIBAL HERNANDEZ, <br><br> Defendant and Appellant. | F064286 <br><br> (Super. Ct. No. F11901348) <br><br> **OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Wayne R. Ellison, Judge.

Randy S. Kravis, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Cornell, Acting P.J., Kane, J., and Poochigian, J.

## STATEMENT OF THE CASE

Appellant, Moises Anibal Hernandez, was charged in a first amended information filed on December 6, 2011, with three counts of sexual intercourse with a child 10 years of age or younger (Pen. Code, § 288.7, subd. (a), counts 1, 2, & 3),[1] committing a lewd act on a child under the age of 14 years (§ 288, subd. (a), count 4), and committing an act of oral copulation or sexual penetration on a child 10 years of age or younger (§ 288.7, subd. (b), count 5). On December 6, 2011, appellant entered into a plea agreement wherein he would admit count 5 in exchange for the dismissal of the remaining counts and the dismissal of three unrelated pending criminal actions.[2] Appellant would receive a sentence of 15 years to life.

Appellant executed a felony advisement, waiver of rights, and plea form acknowledging the terms of the plea agreement, the consequences of his plea, and his constitutional rights pursuant to *Boykin*/*Tahl*.[3] Appellant waived his *Boykin/Tahl* rights in the form. At the hearing, the trial court verified that appellant understood the terms of the plea agreement, the consequences of the plea,[4] and had executed and initialed the change of plea form. The form was read to appellant and reviewed with him by a court-certified interpreter. The court reviewed appellant's *Boykin/Tahl* rights with appellant

---

[1]    All statutory references are to the Penal Code unless otherwise indicated.

[2]    According to the probation report, the first of the dismissed actions, case No. F09100653, involved felony and misdemeanor domestic violence allegations. Case No. F11100007 involved felony assault and false imprisonment allegations. The third dismissed case, case No. F11100190, involved a felony narcotics allegation. The allegations in all three cases occurred on different dates between 2009 and 2011.

[3]    *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122 (*Boykin/Tahl*).

[4]    Among the consequences of the plea reviewed with appellant by the trial court were that he faced a maximum sentence of 15 years to life, he would have to register as a sex offender, and could be deported.

2.

and appellant waived them.  The parities stipulated to a factual basis for the plea.[5]

Appellant pled no contest to count 5.

On January 17, 2012, appellant brought an oral motion to withdraw his plea, alleging that he was unaware that his plea would result in a prison term of 15 years to life.  At the hearing, appellant stated that he wanted to withdraw his plea and have a trial.  The prosecutor read from the relevant change of plea transcript where the trial court explained to appellant that as a consequence of the change of plea, appellant faced a prison term of 15 years to life.  The prosecutor also read into the record language in the change of plea form stating the same thing.

The trial court found that appellant's assertion lacked any credibility given the state of the record, that appellant understood the nature of the plea, and appellant had a certified Spanish interpreter assisting him throughout the proceedings.  The court found it did not believe appellant and denied his motion to withdraw his plea.  The court sentenced appellant to prison for a term of 15 years to life.  Appellant received total custody credits of 365 days and was ordered to pay a $10,000 restitution fine.  Appellant obtained a certificate of probable cause.

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*People v. Wende* (1979) 25 Cal.3d 436.)  The opening brief also

---

[5]    On February 10, 2011, police investigators were dispatched to investigate the out-of-control behavior of confidential victim (CV) who was then 10 years old.  CV told investigators that she had been molested by appellant, who was her mother's ex-boyfriend from May 1, 2009 until August 1, 2009.  CV was only nine years old when the molestations began.  She described four specific incidents.  In all four events, appellant penetrated CV's vagina or anus with his penis.  Appellant denied ejaculating into CV and admitted to the police that he only masturbated on CV.  Appellant initially denied penetrating CV.  Later, he admitted he penetrated her once because the flesh is weak.

includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court.  By letter on June 18, 2012, we invited appellant to submit additional briefing.  To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.

4.